## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THERAVANCE, INC.<br>901 Gateway Boulevard<br>South San Francisco, CA 94080 | ) ) ) ) | Case No._____ |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| HON. DAVID J. KAPPOS<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States Patent<br>and Trademark Office<br>Office of General Counsel,<br>United States Patent and Trademark Office<br>P.O. Box 15667, Arlington, VA  22215<br>Madison Building East, Rm. 10B20<br>600 Dulany Street, Alexandria, VA  22314 | ) ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff, Theravance, Inc. ("Theravance"), for its complaint against the Honorable David

J. Kappos, states as follows:

## NATURE OF THE ACTION

1.  This is an action by the assignee of United States Patent No. 7,521,558 ("the '558

patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment

for the '558 patent be changed from 617 days to at least 866 days.

2.  This action arises under 35 U.S.C. § 154 and the Administrative Procedures Act,

5 U.S.C. §§ 701-706.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

4.   Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5.   This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## THE PARTIES

6.   Plaintiff Theravance is a corporation organized under the laws of Delaware, having a principal place of business at 901 Gateway Boulevard, South San Francisco, CA 94080.

7.   Defendant David J. Kappos ("Director") is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity.  The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents.  The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## BACKGROUND

8.   Robert S. Chao, Miroslav Rapta, and Pierre-Jean Colson are the inventors of U.S. patent Application Number 11/204,065 ("the '065 application") entitled "Crystalline Form of a Biphenyl Compound," which issued as the '558 patent on April 21, 2009.  The '558 patent claims crystalline biphenyl salt compounds.  The '558 patent is attached as Exhibit A.

9.   Plaintiff Theravance is the assignee of the '558 patent, as evidenced by the assignment documents recorded in the PTO.

10. Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In determining patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

12. The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and issued the '558 patent reflecting that determination.

13. On February 10, 2009, before the '558 patent was issued, Theravance filed a Request for Reconsideration of Patent Term Adjustment under 35 C.F.R. § 1.705 requesting an estimated additional 291 days of patent term pursuant to the decision in Wyeth v. Dudas, 580 F. Supp. 2d 138 (D.D.C. 2008). On March 16, 2009, the PTO issued a decision holding the application for patent term adjustment in abeyance until the patent issued.

14. On April 22, 2009, after the issuance of the '558 patent, Theravance filed a second Request for Reconsideration of Patent Term Adjustment requesting an additional 249 days of patent term adjustment.

15. On September 30, 2009, the PTO denied Plaintiff's request for any additional patent term beyond the original 617 days, stating that the PTO's interpretation of 35 U.S.C. § 154 is correct.

16. 35 U.S.C. § 154(b)(4)(A) provides that "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after grant of the patent. Chapter 7 of title 5 shall apply to such an action."

## CLAIM FOR RELIEF

17. The allegations of paragraphs 1-16 are incorporated in this claim for relief as if fully set forth.

18. The patent term adjustment for the '558 patent, as determined by the Director under 35 U.S.C. § 154(b) and indicated on the face of the '558 patent, is 617 days. (*See* Ex. A at 1.) The determination of this 617 day patent term adjustment is in error because the PTO failed to properly account for the delays that occurred after the date that was three years after the actual filing date of the '065 application, pursuant to 35 U.S.C. § 154(b)(1)(A). The correct patent term adjustment for the '558 patent is at least 866 days.

19. The '065 application was filed on August 15, 2005, and issued as the '558 patent on April 21, 2009.

20. Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to PTO examination delay ("A Delay") is 617 days.

21. Under 35 U.S.C. § 154(b)(1)(B), the number of days between the date that was three years after the actual filing date of the '065 application (*i.e.*, August 15, 2008) and the issue date (*i.e.*, April 21, 2009) ("B Delay") is 249 days.

22. Under 35 U.S.C. § 154(b)(2)(C), the number of days of applicant delay is zero (0) days.

23. 35 U.S.C. § 154(b)(2)(A) provides that "to the extent that periods of delay attributable to grounds specified in paragraph [b](1) overlap, the period of any adjustment . . . shall not exceed the actual number of days the issuance of the patent was delayed." The overlap between the "A Delay" period and the "B Delay" period in the prosecution of the '558 patent (*i.e.*, the period of "A Delay" that occurred between August 15, 2008, and April 21, 2009) is 0 days.

24. The '558 patent is not subject to a disclaimer of term. Thus the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

25. Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is the sum of the "A Delay" and "B Delay" (617 + 249= 866 days). This number is not reduced by any days of applicant delay or overlap days in this case.

26. The Director erred in the determination of patent term adjustment by treating the entire period of PTO examination delay, and not only the period of PTO examination delay that occurred after the date that was three years after the actual filing date of the '065 application, as the period of overlap between the "A Delay" and the "B Delay." Thus, the Director erroneously determined that the net patent term adjustment should be limited under 35 U.S.C. § 154(b)(2)(A) by 249 days, rather than the correct number of 0 days, and arrived at a net patent term adjustment of 617 days.

27. In *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. In accordance with *Wyeth*, the patent term adjustment for the '558 patent is properly determined to be 866 days, as set forth above.

28. The Director's determination that the '558 patent is entitled to only 617 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against Defendant and respectfully requests that this Court enter Orders:

A.     Changing the period of patent term adjustment for the '558 patent term from 617 days to 866 days and requiring the Director to extend the term of the '558 patent to reflect the 866 day patent term adjustment.

B.     Granting such other and future relief as the nature of the case may admit or require and as may be just and equitable.

Dated: October 16, 2009                    Respectfully submitted,


                                           Kenneth J. Meyers, Bar No. 106443
                                           FINNEGAN, HENDERSON, FARABOW,
                                             GARRETT & DUNNER, L.L.P.
                                           901 New York Avenue, N.W.
**Of Counsel:**                            Washington, D.C. 20001-4413
Elizabeth E. Mathiesen                     (202) 408-4000
FINNEGAN, HENDERSON,
FARABOW GARRETT &
DUNNER, L.L.P.                             Attorneys for Plaintiff
55 Cambridge Parkway                       THERAVANCE, INC.
Cambridge, MA 02141-1215
(617) 452-1600